# BENNER *v.* TROUGHTON AND WIFE, J. B. WILSON AND J. M. & D. F. ROLLINS, Intervenors.

PLAINTIFF sues T. and wife to foreclose a mortgage. Rollins intervenes, claims a mechanic's lien, suggests that one Wilson has a mortgage on the property, and asks that he be made a party, which is done. Wilson answers, and among other things, sets up his mortgage, and prays that the bill be dismissed, and that the Court enter a decree foreclosing his mortgage in the usual way, and for general relief. The Court tried the case, and filed its findings, establishing the mortgages of plaintiff and Wilson and the lien of Rollins. All parties moved for judgment according to the findings, which was granted : *Held,* that Wilson having set up his mortgage, and prayed for foreclosure, etc., and moved for judgment on the findings, cannot now object to the foreclosure of his mortgage that it was not in the power of Rollins, as intervenor, to bring him into the suit ; and that his mortgage covered not only property embraced in plaintiff's mortgage, but other and distinct property.

APPEAL from the Tenth District.

Plaintiff brought suit against Troughton and wife to foreclose a mortgage given by them on a house known as the "Wyandotte Exchange," together with the lot on which it is located.

Rollins & Co. filed their bill of intervention, setting up an indebtedness due them from Troughton for furnishing materials and erecting a brick building, known as "Troughton's Exchange," upon the premises covered by plaintiff's mortgage, claiming a mechanic's lien dating back to February, 1856, and that it was superior to the mortgage, which is averred to be fraudulent and insufficient in form to pass the property, because the homestead of Troughton and wife. In their bill of intervention, Rollins & Co. suggested that one Wilson claimed to have a mortgage upon the same property, and asked that he be made a party. Wilson was accordingly made party, and together with defendants, demurred to the bill of intervention, on the ground that it does not state facts sufficient to constitute a cause of action. Demurrer overruled. Wilson then answered the intervention, setting up a mortgage upon "the premises known as Troughton's Hotel, in the town of Wyandotte, together with the buildings on said lot, or which might thereafter be erected thereon, by the said James and Francis Troughton, together with the stable and lot on which it is situated, known as Troughton's stable, in said

town, said hotel lot having been formerly known as Benner's Exchange, together with the buildings on said lot on which they were situated," claiming his mortgage to have been executed prior to the date of intervenor's lien, and praying for a foreclosure in the usual way, and for general relief.

On the day of trial, Wilson moved to dismiss the bill of intervention, on the ground that the Court had no jurisdiction of the subject matter of the suit in the shape it came before the Court, for this, that the law providing for interventions gives no remedy outside of the parties to the original suit. Overruled. Case tried by the Court, and findings filed, in effect, establishing plaintiff's mortgage as the first lien upon the property described in the complaint, to wit: the Wyandotte Exchange, with the lot on which it is situated; intervenors claim as the second lien upon the same property; and Wilson's mortgage as the third lien upon this property, and also as a lien upon other property described in his mortgage, and known as Troughton's stables, with the lot on which they were situated—this latter property being on the opposite side of the street from the Exchange. All parties moved for decree in accordance with the findings. A decree was entered giving personal judgments in favor of plaintiff, Rollins & Co. and Wilson against Troughton for the amount of their several claims, foreclosing the equity of all parties, and directing a sale: first, of the premises described in plaintiff's mortgage, the proceeds to be applied to the claims in the order named above; and a sale, second, of the property known as Troughton's stables, with the lot on which they are situated, the proceeds to be paid to Wilson, and the surplus, if any, to be brought into Court for further order. From this decree Wilson alone appeals.

*Burt & Rhodes*, for Appellant.

I. The Court below erred in not sustaining the motion to dismiss for want of jurisdiction. (Pr. Act, sec. 344.) 1st. Because neither at common law nor by statute has an intervenor, in a suit between a plaintiff and defendant already in Court, a right to bring in third parties. (2 Story's Eq. secs. 801–807, 816; Wood's Dig. 176, art. 807.) 2nd. Because the complaint shows that the

mortgage of appellant covered other and entirely distinct premises from the property in dispute in the original action.

II.    The Court had no right to force Wilson to foreclose his mortgage on the premises in dispute.    Wilson had a mortgage on other and distinct property, to wit: the stables, &c., which were not contiguous to the property in dispute ; and the judgment of the Court compelling him to foreclose that mortgage, *nolens volens,* is illegal.    No precedent can be found for compelling a creditor to foreclose and sell out his debtor in the manner adopted here.

*Jos. E. N. Lewis,* for Respondents.

I.    Wilson by his demurrer waived any objection to the manner in which he was brought into Court.    (*Parks* v. *Freer*, 9 Cal. 642.) And for the same reason the motion to dismiss could not prevail ; and also because his default being entered, on failure to answer within the ten days after demurrer overruled, and being opened with permission to answer, he could not move to dismiss, but was bound to plead to the merits.

II.    By setting up his mortgage, praying for foreclosure, moving for decree upon the findings, instead of excepting thereto, Wilson is precluded from now objecting to the foreclosure of his mortgage.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The errors assigned are technical exceptions, not sustained by the record, or the appellants cannot avail themselves of them—such as the alleged irregularity in Wilson's mortgage.    Wilson, it seems, set up his mortgage and prayed a sale of the property, and moved for judgment upon the findings.    We think he cannot now object to the foreclosure of the mortgage as prayed for.

We see no substantial error in the decree.

It is affirmed.